## Sessions, Appellant, *v.* Jones.

The Chancery court has jurisdiction to decree that a blank bond shall be cancelled, although the party might have had his remedy at law.

A forthcoming bond signed by one surety and delivered to the principal, as an escrow until another surety signs, is void, unless signed by the other surety.

APPEAL from the superior court of chancery.

This is an appeal from a decree rendered by the superior court of chancery. The material facts as they appear upon the record are as follows: Egbert Sessions, the appellant, recovered in the circuit court of Yazoo county, in April 1838, two judgments, one against Lineas B. Markham and Vincent Galloway, as partners in trade, under the firm of Markham & Galloway, for the sum of $1037 21; and the other against Lineas B. Markham, Devereux J. Markham, and Hugh M. Markham, for $1139 17. On these judgments executions were issued, and were levied, when Lineas B. Markham applied to Daniel Jones, the appellee, to become his surety in two forthcoming bonds, and presented certain papers in blank, for him to sign as surety, and stated to him at the same time, that Vincent Galloway and William K. Stone would unite with him, Jones, as sureties. Jones then signed his name to the blank bonds, and delivered them to Lineas B. Markham. They were afterwards delivered in the form in which they were at the time Jones signed them, to the sheriff, who filled them up with the proper amount of the penalty, the judgments, and the conditions as required by law. The property was not delivered, and they were returned to court as forfeited. They were never subscribed by William K. Stone, though one of them was signed by Galloway. Executions were afterwards sued out against Jones, and levied on his property, who thereupon filed his bill and prayed the chancellor upon the above statement of the facts to decree the bonds to be null and void, and to order a perpetual injunction. Upon the bill, answer and depositions, the chancellor decreed according to the prayer of the bill.

Jennings, for appellant.

It is insisted that the bill presented a case cognizable and releivable at law, and that the legal remedy is adequate, and unembarrassed. The question presented being, whether Jones did or did not execute the bonds as his deeds, is strictly a legal question. If he has any equity, the equity of Sessions is equal, if not greater than his. In such case, a court of equity would not deprive a party of any legal advantage that he had obtained. If there is any fraud in the matter, it was not practiced by Sessions, nor by any one acting as his agent, but by a person trusted by Jones, and by him enabled to injure him. The rule is, that where one of two innocent persons must suffer by the act of a third person, he who has trusted most must bear the loss. 2 Leigh, 415.

If there were any equity in complainant's bill, it could not extend further than to a ratable portion of each of the bonds; and in determining that portion, regard must be had in one case to the fact that Vincent Galloway did execute the bond. 2 Leigh, 410.

In the great number of decisions, often conflicting, in regard to the extent to which a court of equity will go in relieving against void instruments, I can find none that will sustain the decree of the chancellor in this case. 5 Ves. 618.

Where the grounds rendering an instrument invalid are *legal*, and the party can litigate the question at law, a court of chancery will not entertain jurisdiction to order them to be delivered up. 3 Ves. 368; 5 Ves. 286.

G. S. Yerger, for appellee.

First. The bond being in blank, is void. Crutchen *v.* Williams, decided by the court at present term.

Second. The bond was signed on condition, and on an agreement that others were to sign it, which was not done. This renders it void. 2 Pet. Con. Rep. 92; Pawling *v.* United States, Ib. 277; Moss *v.* Riddle, 19 Com. Law Rep. 475; 6 Wend. 620.

Third. Equity, in such case, will entertain jurisdiction, and declare the bond void, and stay execution on it. 2 Story's Equity, 10, 11; 2 Leigh, 157; Patterson *v.* Smith, 4 Dana, 153.

The case in 2 Leigh, 410, recognizes the case on page 157 of same book as sound law, and makes a distinction between the two

cases. This last case is also decisive of the question of jurisdiction. But the court said, as he agreed to be bound for a *particular amount,* that would make him pay that, although not bound at law. In one case the party did not agree to pay any thing, except another signed it, so that the principle (if it is law) does not apply to an escrow, which the court itself admits.

Mr. Justice TROTTER stated the case, and delivered the opinion of the court.

The only question which is raised on the argument, is as to the jurisdiction of the chancery court over the subject of this controversy. It is not denied that the bonds are void at law, on both the grounds taken by the complainant; but it is insisted that he is provided with a full and adequate remedy at law, and should therefore have resorted to the common law courts. It is very certain that there is some diversity in the decisions on this subject, especially in England, and according to the case of Franco *v.* Bolton, 3 Vesey, 368, and that of Gray *v.* Matthias, 5 Ib. 286, considerable doubts might well exist as to the power of a court of chancery to order the bonds in this case to be cancelled, since they are void at law as well as in equity. These cases were, however, most clearly opposed to the doctrine which had been established in England by former decisions, and were expressly overruled afterwards in the cases of Brontly *v.* Holland, 7 Vesey, 3, and Jackman *v.* Mitchell, 13 Ib. 581, in which it is held, that the chancellor will take jurisdiction, whether the bonds or other instruments complained of be void at law, or in equity merely, or whether the matter which renders them so void be apparent on their face, or exist *aliunde.* Judge Story, in the second volume of his treatise on Equity, pages ten and eleven, adverts to this branch of equity jurisdiction, and after noticing the distinctions which were established by the English decisions, concludes his review of the authorities by observing, that whatever doubts or difficulties may formerly have been entertained on this subject, they seem by the more modern decisions to be fairly put at rest, and the jurisdiction is now maintained in its fullest extent.

The case of Hamilton *v.* Cummings, 1 J. C. Rep. 520, 524, was decided after an elaborate examination of all the cases, and though

Sessions, Appellant, *v.* Jones.

a suit was pending at law upon the instrument sought to be cancelled, yet the chancellor sustained the bill, enjoined the proceedings at law, and ordered the bonds to be delivered up and cancelled. The cases in 2 Leigh's Rep. 157, 410, also fully sustain the jurisdiction of the chancellor in the case before us. Indeed, those cases and the present one are exactly similar in all their features. In the last case, the court recognized the doctrine established in the former, but ordered the defendant to pay a proportion of the debt, it appearing that he was by the terms of the contract bound to pay that sum. In the present case, however, it is shown that the bonds were absolutely void, and that Jones was not to be bound at all, unless the bonds were also signed by Stone. They were delivered merely as escrows, and never did become the deeds of Jones.

Let the decree of the chancellor be affirmed.